Filed 2/11/15  P. v. Scott CA6
Opinion following remand from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H037923 |
| Plaintiff and Appellant, | (Monterey County Super. Ct. No. SS080912) |
| v. | |
| JAMES RUSSELL SCOTT, | |
| Defendant and Respondent. | |

Having previously granted review, the California Supreme Court filed its decision in this case on May 19, 2014.  (*People v. Scott* (2014) 58 Cal.4th 1415 (*Scott*).)  The Supreme Court reversed our decision and remanded the matter to this court for further proceedings consistent with its opinion.

**FACTUAL AND PROCEDURAL BACKGROUND**

The relevant underlying facts are described in the Supreme Court's opinion:  "In May 2009, defendant [James Russell Scott] was charged with transportation or sale of a controlled substance (Health & Saf. Code, § 11352, subd. (a); count 1), possession of cocaine base for sale (Health & Saf. Code, § 11351.5; count 2), possession of a controlled substance (Health & Saf. Code, § 11350, subd. (a); count 3), misdemeanor possession of marijuana while driving (Veh. Code, former § 23222, subd. (b), as amended by Stats. 1998, ch. 384, § 2, p. 2897; count 4), and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 5).  The information alleged that defendant had suffered a prior conviction for possession of a controlled substance,

cocaine base, within the meaning of Health and Safety Code section 11370.2, subdivision (a).

"Pursuant to a plea bargain, defendant pleaded guilty to count 2 (possession of cocaine base for sale) and admitted the prior conviction on the condition that he be placed on felony probation with a suspended seven-year prison sentence.

"In June 2009, the trial court imposed on defendant a seven-year state prison sentence, composed of a four-year middle term for defendant's conviction of possessing cocaine base and a three-year term for the prior conviction enhancement. However, the trial court suspended execution of the seven-year sentence and placed defendant on formal probation for a period of three years. The remaining charges were dismissed pursuant to [Penal Code][1] section 1385.

"Defendant's probation was revoked and reinstated on two subsequent occasions. On October 4, 2011, a third petition to revoke probation was filed pursuant to section 1203.2. It alleged defendant had violated his probation by failing to complete a residential drug treatment program. On November 1, 2011, defendant admitted the violation and acknowledged that he faced a seven-year sentence.

"On December 13, 2011, the trial court revoked defendant's probation and lifted the suspension of the previously imposed sentence. The court continued the hearing, however, to allow briefing addressing whether defendant should serve the previously imposed but suspended seven-year term of incarceration in state prison or locally in county jail. After briefing and argument, the court ruled that defendant qualified for a local commitment because the court's decision whether to reinstate defendant's probation was 'essentially a sentencing proceeding' occurring after October 1, 2011, making the

---

[1] Further unspecified statutory references are to the Penal Code.

2

provisions of the Realignment Act[2] applicable under section 1170[, subdivision] (h)(6). On December 22, 2011, the trial court ordered the defendant to serve his seven-year term in county jail pursuant to section 1170[, subdivision] (h)." (*Scott*, *supra*, 58 Cal.4th at p. 1420.)

The People appealed, and this court affirmed the trial court's order sentencing defendant to county jail. We agreed with the reasoning set forth in *People v. Clytus* (2012) 209 Cal.App.4th 1001, and disagreed with *People v. Gipson* (2013) 213 Cal.App.4th 1523.

## DISCUSSION

"As relevant here, the Realignment Act significantly changes the punishment for some felony convictions. Under the terms of the Act, low-level felony offenders who have neither current nor prior convictions for serious or violent offenses, who are not required to register as sex offenders and who are not subject to an enhancement for multiple felonies involving fraud or embezzlement, no longer serve their sentences in state prison. Instead, such offenders serve their sentences either entirely in county jail or partly in county jail and partly under the mandatory supervision of the county probation officer." (*Scott*, *supra*, 58 Cal.4th at p. 1418.) Section 1170, subdivision (h)(6) provides in pertinent part that "[t]he sentencing changes made by the [Realignment Act] . . . shall be applied prospectively to any person sentenced on or after October 1, 2011." The California Supreme Court granted review in *Scott* to resolve the conflict in Court of Appeal decisions regarding the interpretation of section 1170, subdivision (h)(6).

The *Scott* court noted that "the meaning of the term 'sentenced' in section 1170[, subdivision] (h)(6) is potentially ambiguous regarding felony offenders, like defendant in this case, whose state prison terms of incarceration were imposed but execution was

---

[2] In 2011, the Legislature enacted and amended the Criminal Justice Realignment Act of 2011 addressing public safety (Stats. 2011, ch. 15, § 1; Stats. 2011, 1st Ex. Sess. 2011–2012, ch. 12, § 1 (the Realignment Act or the Act)).

3

suspended pending successful completion of a term of probation prior to October 1, 2011, and who subsequent to October 1, 2011, have their probation revoked and are ordered to serve the previously imposed term of incarceration.  Are such defendants 'sentenced,' within the meaning of section 1170[, subdivision] (h)(6), when the sentence is originally imposed and suspended, or are they 'sentenced,' for purposes of this statute, when the court subsequently orders execution of the sentence?  There is no definition of 'sentenced' in the Realignment Act itself and nothing in the legislative history of the Act indicates how the Legislature intended the Act to be applied in this situation."  (*Scott*, *supra*, 58 Cal.4th at p. 1421.)

*Scott* concluded that under *People v. Howard* (1997) 16 Cal.4th 1081, "when a court elects to impose a sentence, a judgment has been entered and the terms of the sentence have been set even though its execution is suspended pending a term of probation."  (*Scott*, *supra*, 58 Cal.4th at p. 1424.)  Therefore, for the purposes of section 1170, subdivision (h)(6), "a defendant is 'sentenced' when a judgment imposing punishment is pronounced even if execution of the sentence is then suspended."  (*Scott*, *supra*, at p. 1423.)  Accordingly, "the Realignment Act is not applicable to defendants who have had a state prison sentence imposed and suspended prior to October 1, 2011."  (*Id.* at p. 1426.)

Here, the trial court imposed and suspended a seven-year state prison sentence in June 2009, prior to the effective date of the Realignment Act.  Under the reasoning set forth in *Scott*, the trial court erred in committing defendant to county jail.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

_____
                          Premo, J.

WE CONCUR:



_____
        Rushing, P.J.




_____
        Elia, J.